UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSS M. PANARITES,

                    Petitioner,

-vs-                                                       Case No.   8:04-cv-1874-T-24EAJ

JAMES V. CROSBY, JR.,

                    Respondent.

_____

## ORDER

This cause is before the Court on pro se Petitioner Ross Markam Panarites' Rule 60(b) motion "to allow reconsideration of its order denying petitioner's § 2254 petition, and issue an order that the Rule 60(b)(6) be issued granting the petitioner the relief sought and appropriate in this cause of action." (Doc. 11).  A review of the record demonstrates that the motion must be **denied**.

### BACKGROUND

On August 16, 2004, Panarites filed a 28 U.S.C. § 2254 petition for writ of habeas corpus challenging his conviction for sexual battery entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida. On November 3, 2004, this Court dismissed the petition, without prejudice, and closed this case.

Almost ten years later, Panarites filed an application to file a second or successive § 2254 habeas petition in the Eleventh Circuit. In denying the application on June 4, 2014, the Eleventh Circuit stated:

> In his application, Panarites indicates that he wishes to raise one claim in a second or successive § 2254 petition. He seeks to argue that his trial counsel was ineffective for failing to advise him of the maximum penalty that he faced before Panarites rejected the court's plea offer.  Panarites asserts that his claim relies both upon a new rule of constitutional law and newly discovered evidence. As a new rule of law, he expressly relies on *Martinez v. Ryan*, 566 U.S. __ , 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). As his newly discovered evidence, Panarites states that he has a letter from the prosecutor's office showing that there was no written plea offer.

In *Martinez*, the Supreme Court held that, when a state mandates that ineffective assistance of trial counsel claims can only be raised in collateral proceedings, a federal habeas petitioner may establish cause for a procedural default of such a claim when (1) the court does not appoint   counsel in the initial-review collateral proceeding or (2) counsel in that proceeding, where the claim should have been raised, was ineffective. *Martinez*, 566 U.S. at __ , 132 S.Ct. at 1318. The Court labeled its holding as an "equitable" ruling, not a "constitutional" one. *Id.* at __ , 132 S.Ct. at 1319-20. In doing so, it emphasized that it was not creating a "free-standing constitutional claim to raise." *Id.* at __ , 132 S.Ct. at 1319. To the extent that Panarites relies on *Martinez* as a new rule of constitutional law made retroactive on collateral review by the Supreme Court, that reliance is misplaced because the Court expressly held that its ruling was not constitutional. *See* 28 U.S.C. § 2244(b)(2)(A); *Martinez*, 566 U.S. at __ , 132 S.Ct. at 1319-20.

Panarites's purported new evidence is that he recently discovered that there was no written plea offer. That evidence in no way demonstrates Panarites's factual innocence of the underlying crime. Accordingly, Panarites is also not entitled to leave to file a successive § 2254 petition based on new evidence.   *See* 28 U.S.C. § 2244(b)(2)(B).

Accordingly, because Panarites has failed to make a prima facie showing of the existence of either of the grounds set forth in § 2244(b)(2), his application for leave to file a second or successive petition is hereby DENIED.

(Doc. 10).

Panarites then waited until February 18, 2016, to file the present Rule 60(b) motion, seeking

reconsideration of **this** Court's order dismissing his § 2254 petition.  Panarites relies on *Martinez v.*

*Ryan*, 132 S.Ct. 1309 (2012) and *Johnson v. U.S.*, 135 S. Ct. 2551 (2015).

### The Present Rule 60(b) Motion Is a Successive Petition

In the present Rule 60(b) motion, Panarites challenges the validity of his 2004 conviction based

on new grounds for relief.  Where, in a purported Rule 60(b) motion, a petitioner challenges the validity

of his conviction by seeking to add a new ground for relief or attacking the previous resolution of a claim

on the merits, the petition is properly construed as a successive habeas petition. *U.S. v. Lockhart*, 409

F. App'x. 307, 308 (11th Cir. 2011) (citing *Williams v. Chatman*, 510 F.3d 1290, 1293-94 (11th Cir.

2007) (quoting *Gonzalez v. Crosby,* 545 U.S. 523, 532 (2005)).

Absent an order from the Eleventh Circuit authorizing consideration of a successive habeas

2

petition, this Court lacks subject matter jurisdiction as to that petition. *Williams*, 510 F. 3d at 1295; *see also Farris v. U.S.*, 333 F.3d 1211, 1216 (11th Cir. 2003) (*per curiam*) (The district court lacks jurisdiction to consider a second or successive § 2255 petition without Eleventh Circuit prior authorization, even if the petition is labeled a Rule 60(b) motion.).

Because Panarites's Rule 60(b) motion asserts new bases for relief from the state court's judgment of conviction, and because it does not allege any error in his earlier § 2254 proceedings, the motion is properly construed as a successive habeas petition. *See Williams*, 510 F.3d at 1293–94.

Panarites did not obtain authorization from the Eleventh Circuit that would give this Court jurisdiction to consider a successive habeas petition. Consequently, this Court lacks jurisdiction to grant Panarites the requested relief. *See Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).

Accordingly, the Court orders:

That Panarites' Rule 60(b) motion is denied, without prejudice.

ORDERED at Tampa, Florida, on __2 - 24__, 2016.


SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE

Counsel of Record
Ross M. Panarites

3